Sidney G. BABBITZ, M.D., Plaintiff,

v.

E. Michael McCANN, District Attorney of Milwaukee County, and F. Ryan Duffy, Jr., Judge of the County Court, Milwaukee County, Defendants.

No. 69-C-548.

United States District Court
E. D. Wisconsin.
Dec. 2, 1969.

Nathaniel D. Rothstein, Milwaukee, Wis., for plaintiff; Milton R. Bordow and Roy O. Conen, Milwaukee, Wis., of counsel.

John J. Spindler, Asst. Dist. Atty., Milwaukee, Wis., for defendants.

## OPINION AND ORDER DENYING TEMPORARY RESTRAINING ORDER AND GRANTING REQUEST FOR THREE-JUDGE COURT

REYNOLDS, District Judge.

This is an action in which the plaintiff attacks the validity, under the Constitution of the United States, of § 940.04 of the Wisconsin Statutes, and seeks a judgment declaring that § 940.04 violates the Constitution of the United States, and further seeks an injunction restraining the defendants from enforcing or executing § 940.04.

On stipulation of the parties, the Milwaukee Police Department's motion to be dismissed as an improper party has been granted.

The plaintiff has moved for a temporary restraining order by which the defendants would be restrained from any further enforcement of § 940.04 against the plaintiff under a criminal charge pending in the County Court of Milwaukee County in a case entitled State of Wisconsin v. Sidney Babbitz, Case No. 2-96693.

This opinion and order is limited to the questions raised by the plaintiff's motion for a temporary restraining order ("T.R.O.") and the question of whether or not this court should request the appointment of a three-judge court under Title 28 U.S.C. § 2281.

From the complaint and uncontested statements of counsel, the following findings for the purpose of this decision are made.

The plaintiff is a licensed physician and surgeon who is being prosecuted by the District Attorney of Milwaukee County in the County [State] Court of Milwaukee County, presided over by the defendant judge, for performing an abortion in violation of § 940.04 of the Wisconsin Statutes which provides in part as follows:

"(1) Any person, other than the mother, who intentionally destroys the life of an unborn child may be fined not more than $5,000 or imprisoned not more than 3 years or both.

"(2) Any person, other than the mother, who does either of the following may be imprisoned not more than 15 years:

"(a) Intentionally destroys the life of an unborn quick child; or

\* \* \* \* \* \*

"(5) This section does not apply to a therapeutic abortion which:

"(a) Is performed by a physician; and

"(b) Is necessary, or is advised by 2 other physicians as necessary, to save the life of the mother; and

"(c) Unless an emergency prevents, is performed in a licensed maternity hospital.

"(6) In this section 'unborn child' means a human being from the time of conception until it is born alive."

The defendants are acting in good faith and intend to proceed with the prosecution unless restrained by this court. The criminal complaint has been lodged against the plaintiff, and the preliminary examination had been scheduled to be held within a day from the date of the hearing in this court to determine whether or not there is probable cause to believe that a crime had been committed by the plaintiff.

The only damage that the plaintiff will suffer if a T.R.O. is not granted will be to be subject to being prosecuted in the

state court proceedings which have been commenced.

The plaintiff alleges that the state abortion statute is unconstitutional on its face because it is so vague and indefinite that it violates his first amendment guarantees and the due process of law requirement of the fourteenth amendment.

The first question to be considered is whether or not this court should issue a T.R.O. which would be in effect pending the appointment of a three-judge court.

■ Title 28 U.S.C. § 2283 provides that a federal court may not grant a T.R.O. "to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of" the court's jurisdiction or to protect or effectuate the court's judgment. I know of no Acts of Congress, and none have been cited, which would authorize this court to grant a T.R.O. In Dombrowski v. Pfister, 380 U.S. 479, 490, 85 S.Ct. 1116, 1123, 14 L.Ed.2d 22 (1965), the court held that the state court proceedings may be enjoined to protect first amendment rights where the defendants invoked the "criminal process without any hope of ultimate success, but only to discourage appellants' civil rights activities."

I do not believe that the case at bar falls within *Dombrowski*. There has been no allegation here that the defendants are acting in bad faith or are using the criminal processes of Wisconsin to harass the plaintiff. For these reasons the request for a T.R.O. will be denied.

■ Now on the question of a three-judge court.

The plaintiff is not only being threatened but is in fact being prosecuted for the violation of § 940.04—a statute which he claims is unconstitutional on its face.

I find that the constitutional question raised by the plaintiff is not wholly insubstantial and is not frivolous.*

---

* Abortion statutes similar to the Wisconsin statute have been held unconstitutional in United States v. Vuitch, U.S.D.C.,

The plaintiff has standing to bring this action, and the fact that he is subject to criminal prosecution in the state courts, where presumably he could raise this constitutional defense, does not deprive him of his right to have the constitutionality of § 940.04 determined in a federal court.

Jurisdiction of this claim by the plaintiff is present, 28 U.S.C. § 1343, and since injunctive relief against the operation of § 940.04 of the Wisconsin Statutes is sought, the convening of a three-judge federal court is required. 28 U.S.C. § 2281. Today I am requesting the chief judge of the Seventh Circuit to convene such a three-judge court.

For the foregoing reasons,

It is ordered that plaintiff's motion for a temporary restraining order be and it hereby is denied.

It is further ordered that the request for a three-judge court will be filed with the chief judge of the Seventh Circuit.

D.C. Nov. 10, 1969, 305 F.Supp. 1032; People v. Belous, Cal., 80 Cal.Rptr. 354, 458 P.2d 194 (1969).